

FILED
JUL 03 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**TULSA DIVISION**

| | | |
|---|---|---|
| **RONAL CRAIG,**<br>**Plaintiff,** | § | **17 CV 388 JED - FHM** |
| **v.** | § | **CIVIL ACTION NO. _______________** |
| **OKLAHOMA DEPARTMENT OF REHABILITATION SERVICES,**<br>**Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, RONALD L. CRAIG ("Plaintiff"), complaining of OKLAHOMA DEPARTMENT OF REHABILITATION SERVICES, ("Defendant"), and files this Complaint alleging:

## 1. PARTIES

1.1. Plaintiff, RONALD L. CRAIG is an individual citizen, residing in the City of Tulsa, Tulsa County, Oklahoma.

1.2. Defendant, OKLAHOMA DEPARTMENT OF REHABILITATION SERVICES, is an Oklahoma State entity with its principal place of business in Oklahoma City, Oklahoma County, Oklahoma and can be served with process by serving, Noel A Tyler, director and registered agent at 3535 N.W. 58th Street, Suite 500, Oklahoma City, Oklahoma 73112.



## 2. Jurisdiction and Venue

2.1. This is an action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

2.2. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 2000e-5.

2.3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) because Defendant resides in this district and 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim took place in this district.

## 3. Factual Background

3.1. Plaintiff was hired by Defendant on or about July 1, 2013 to work as a Vocational Rehabilitation Counselor Specialist II.

3.2. In July of 2016, Plaintiff filed an internal discrimination complaint for, among other things, gender discrimination, failure to promote and unfair treatment.

3.3. In June 2016, Plaintiff filed a complaint with EEOC for, among other things, gender discrimination, failure to promote and unfair treatment.

3.4. Defendant terminated Plaintiff in February 2017, a few days after EEOC completed their investigation of Defendant.

**Discriminatory Promotion Practices**

3.5. Plaintiff was and still is physically able and professionally qualified to perform as Vocational Rehabilitation Counselor Specialist II which is reflected by his years of prior experience, documented certifications and education.

3.6. Plaintiff has held the same position of Vocational Rehabilitation Counselor Specialist II since his date of hire.

3.7. When Plaintiff was hired in 2013, Lisa Colbert, a female counselor in the same office, held the position of Vocational Rehabilitation Counselor Specialist I.

3.8. Lisa Colbert was promoted to Vocational Rehabilitation Counselor Specialist II in 2014. Ms. Colbert was promoted again in 2015 to Vocational Rehabilitation Counselor Specialist III.

3.9. Plaintiff was never made aware of any job posting site or boards where Plaintiff could inquire about available positions.

3.10. Plaintiff was never made aware of any online application or how employees go about requesting information about available positions.

3.11. During Plaintiff's employment with Defendant, there has never been an African-American individual employed as supervisor.

**Discriminatory Treatment**

3.12. Plaintiff was never written up or reprimanded prior to 2015.

3.13. Plaintiff has a Master's degree in his field of employment with multiple years of experience.

3.14. Plaintiff is the only male employee of his unit, in a female dominated agency.

3.15. Plaintiff has been excluded from additional trainings while his female counterparts have been asked to attend.

3.16. On or about July 26, 2016, Plaintiff received notice of a proposed suspension without pay for three (3) days.

3.17. On or about July 28, 2016, Plaintiff filed an internal grievance of sex discrimination and harassment against VR Programs Manager II, Terry Goodson.

3.18. On or about August 10, 2016, Plaintiff received notice that he would be suspended for three (3) days beginning August 11, 2016 through August 15, 2016.

3.19. On or about January 19, 2017, Plaintiff was informed that the Department of Rehabilitation Services was considering disciplinary action in the form of discharge. At the time of this consideration, client was performing at a satisfactory level.

3.20. On or about February 17, 2017, Plaintiff was notified of termination via letter effective February 24, 2017.

## 4. Administrative Prerequisites

4.1. Plaintiff has complied with all the administrative prerequisites to the Title VII action pursuant to 42 U.S.C. § 2000e-5(e) and (f).

4.2. Specifically, on or about June 2016, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

4.3. Plaintiff promptly and diligently responded to all EEOC requests for information and fully cooperated in the agency's investigation of this matter.

4.4. On or about April 11, 2017, a Right to Sue letter from the EEOC was issued.

## 5. COUNT 1 – Disparate Impact

5.1. The foregoing paragraphs are re-alleged and incorporated by reference herein.

5.2. Defendant uses a promotion process that is a facially neutral employment practice.

5.3. Defendant's promotion process has a significantly adverse or disproportionate impact on male employees.

5.4. The Defendant's promotion process resulted in Plaintiff not receiving a promotion or being offered the opportunity to be considered for a promotion.

5.5. Moreover, Defendant's action was intentional and committed with malice or reckless indifference to Plaintiff's rights under Title VII.

5.6. As a result of Defendant's action, Plaintiff has suffered monetary damages and emotional distress.

## 6. COUNT 2 – DISPARATE TREATMENT

6.1. The forgoing paragraphs are re-alleged and incorporated by reference herein.

6.2. Plaintiff is an African-American male and is therefore a member of a protected class.

6.3. Because of his sex and color, Plaintiff was subject to adverse employment actions from Defendant including but not limited to: write-ups and termination.

6.4. Defendant treated similarly situated employees outside of Plaintiff's protected class more favorably.

6.5. Moreover, Defendant's action was intentional and committed with malice or reckless indifference to Plaintiff's rights under Title VII.

6.6. As a result of Defendant's action, Plaintiff has suffered monetary damages and emotional distress.

## 7. COUNT 3 – RETALIATION

6.1 The following paragraphs are re-alleged and incorporated by reference herein.

6.2 Plaintiff reported the discriminatory acts that had taken place.

6.3 By reporting the discriminatory acts, Plaintiff engaged in protected activity.

6.4 As a result of Plaintiff engaging in protected activity, Defendant unlawfully retaliated against Plaintiff by terminating him.

## 8. COUNT 4 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8.1. The forgoing paragraphs are re-alleged and incorporated by reference herein.

8.2. Defendant acted intentionally by withholding the option to advance from Plaintiff.

## 9. COUNT 5 – NEGLIGENCE

9.1. The forgoing paragraphs are re-alleged and incorporated by reference herein.

9.2. Defendant owed a legal duty to Plaintiff as Plaintiff's employer. By continuing to deny the Plaintiff the opportunity for advancement, the duty was breached.

## 10. COUNT 6 – NEGLIGENT HIRING

10.1. The forgoing paragraphs are re-alleged and incorporated by reference herein.

10.2. Defendant owed a legal duty to hire, supervise, train, or retain competent employees. Defendant breached its duty by no allowing Plaintiff to attending the provided additional training.

## 11. COUNT 7 – DEFAMATION

11.1. The forgoing paragraphs are re-alleged and incorporated by reference herein.

11.2. On or about November 18, 2016, Plaintiff had a disagreement with Lisa Colbert, Vocational Rehabilitation Counselor Specialist III and Dawn Quesenbury, Vocational

Rehabilitation Tech. Colbert and Quesenbury reported that Plaintiff threw a drink cup at Colbert, then ran and placed Colbert in a "bear-hug" restraint from behind.

11.3. The Order of Decision from the Oklahoma Employment Security Commission Appeal Tribunal determined that this was not true, Plaintiff neither threw a drinking cup at Colbert, no placed Colbert in a "bear-hug" restraint.

## 12. DAMAGES

11.1 **WHEREFORE**, based on the foregoing, Plaintiff demands judgment in his favor, and the following relief:

(a) As to all causes of action, declaratory judgment that the conduct by Defendant violated the rights of Plaintiff;

(b) An injunction prohibiting Defendant from continuing to engage in such conduct;

(c) An order compelling Defendant to promote Plaintiff into the subject position;

(d) An award to Plaintiff of his back pay and benefits in the event he is not appointed to the subject position;

(e) An award to Plaintiff for him compensatory damages;

(f) An award to Plaintiff of his costs and reasonable attorney's fees;

(g) An award to Plaintiff of punitive damages; and

(h) An award of such other and further relief as this Court may deem just, equitable and proper.

## 13. JURY DEMAND

12.1. Plaintiff demands a trial by jury as to all matters raised in Plaintiff's Original Complaint and any amendments or supplements thereto. *See* FED. R. CIV. P. 38.

Respectfully submitted,

RONALD L. CRAIG
Pro Se
7019 E 69th St.
Tulsa, Oklahoma 74133-7702
(334) 434-9067
Revrlcraig@yahoo.com